UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

**GINGER MEILAN**,
individually and
on behalf of all others similarly situated,   **CLASS ACTION**

      Plaintiff,   **JURY TRIAL DEMANDED**

v.

**CR CLICKS ECOMM INC.**
**dba Charlotte Russe**,

      Defendant.
_____/

**CLASS ACTION COMPLAINT**

Plaintiff Ginger Meilan brings this class action against Defendant CR Clicks Ecomm, Inc. dba Charlotte Russe, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2. To promote its goods and services, Defendant engages in unsolicited text messaging to consumers that have registered their telephone numbers on the National Do Not Call Registry.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and

1

personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of herself and members of the Class, and any other available legal or equitable remedies.

## PARTIES

4. Plaintiff is, and at all times relevant hereto was, a citizen and resident of Miami-Dade County, Florida.

5. Plaintiff is, and at all times relevant hereto was, an individual and a called party under the TCPA in that Plaintiff was the regular user of cellular telephone number that received Defendant's unwanted text messages.

6. Defendant is, and at all times relevant hereto was, a foreign corporation doing business in this State.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

8. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each text message in violation of the TCPA, which, when aggregated among a proposed class numbering in the thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

9. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed telemarketing and/or advertising text messages into Florida. Specifically, Defendant initiated and

directed the transmission of unsolicited advertisement or telemarketing text messages to Plaintiff's cellular telephone number to sell goods, services or products in Florida. Plaintiff's telephone number has an area code (786) that specifically coincides with locations in Florida, and Plaintiff received such messages while residing in and physically present in Florida.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTS**

11. On or about May 26, 2023, June 8, 2023, June 29, 2023, July 10, 2023, July 12, 2023, July 24, 2023, Defendant sent a text message solicitation to Plaintiff's cellular telephone as depicted below:



> Thu, Jun 29 at 6:07 PM
>
> Charlotte Russe: 4TH OF JULY BLOWOUT DEALS
> DRESSES $3.99
> GRAPHICS $3.99
> SANDALS $3.99
> FLEECE $3.99
> & MORE!
>
> Shop now: https://charlotterusse.attn.tv/l/Y0x/0MnhB
>
> Mon, Jul 10 at 12:04 PM
>
> Charlotte Russe:
> DIME DAY DEALS: 3 days of savings!
> Day 1: Accessories BOGO 10 Cents
> Day 2: Shoes BOGO 10 Cents
> Day 3: Swim BOGO 10 Cents
> More deals in-store!
>
> Wed, Jul 12 at 11:05 AM
>
> Charlotte Russe: Don't miss out on our DIME DAY DEALS! Final day for Buy 1, Get 1 for 10 CENTS

> Shop now: https://
> charlotterusse.attn.tv/l/Y0x/
> 0MnhB

*Mon, Jul 10 at 12:04 PM*

> Charlotte Russe:
> DIME DAY DEALS: 3 days of savings!
> Day 1: Accessories BOGO 10 Cents
> Day 2: Shoes BOGO 10 Cents
> Day 3: Swim BOGO 10 Cents
> More deals in-store!

*Wed, Jul 12 at 11:05 AM*

> Charlotte Russe: Don't miss out on our DIME DAY DEALS! Final day for Buy 1, Get 1 for 10 CENTS on all accessories, all shoes, all swimwear, & even more in-store

*Mon, Jul 24 at 10:01 AM*

> Charlotte Russe: Tax-free shopping just got better! Enjoy tax-free savings on all your favorite styles from $8! Shop for back-to-school and save big!

12. Plaintiff was in Florida when she received the above text messages.

13. As demonstrated by the above screenshots, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's property, goods, and/or services.

14. Plaintiff is the regular user of the telephone number that received the above solicitations.

15. Plaintiff registered her cellular telephone number on the National Do-Not-Call Registry on or about September 2021.

16. Plaintiff utilizes the cellular telephone number for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

17. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

18. Plaintiff has never had any type of business relationship with Defendant.

19. Plaintiff never provided her telephone number to Defendant.

20. Plaintiff never signed any type of authorization permitting or allowing the placement of solicitation text messages.

21. Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

22. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The Class that Plaintiff seeks to represent are defined as:

> **All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant placed more than one text message call within any 12-month period; (2) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (3) regarding Defendant's property, goods, and/or services.**

23. Defendant and its employees or agents are excluded from the Class.

**NUMEROSITY**

24. Upon information and belief, Defendant has placed violative text message calls to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

25. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

26. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

    (a) Whether Defendant initiated solicitation text messages to Plaintiff and the Class members who had registered their numbers on the National Do Not Call Registry;

    (b) Whether Defendant is liable for damages, and the amount of such damages.

27. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

28. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

29. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

30. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

31. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)
**(On Behalf of Plaintiff and the Class)**

32. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

34. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

35. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

36. Defendants violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

37. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and Class members received more than one message in a 12-month period from Defendants in violation of 47 C.F.R. § 64.1200.

38. As a result of Defendants' conduct as alleged herein, Plaintiff and the Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

39. Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: August 4, 2023

               Respectfully submitted,

               **HIRALDO P.A.**

               */s/ Manuel S. Hiraldo*
               Manuel S. Hiraldo, Esq.
               Florida Bar No. 030380
               401 E. Las Olas Boulevard
               Suite 1400
               Ft. Lauderdale, Florida 33301
               Email: mhiraldo@hiraldolaw.com
               Telephone: 954.400.4713

               **THE LAW OFFICES OF JIBRAEL S. HINDI**
               Jibrael S. Hindi, Esq.
               Florida Bar No. 118259
               110 SE 6th Street
               Suite 1744
               Ft. Lauderdale, Florida 33301